**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
**Central Division**

DEC **2 1** 2023

**TAMMY H. DOWNS, CLERK**
By: _____
**DEP CLERK**

| | | |
|---|---|---|
| SMITH'S CONSUMER PRODUCTS, INC., a Delaware Corporation, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. **4:23-cv-1206-KGB** |
| | : | |
| DAREX, LLC, dba WORK SHARP, An Oregon Limited Liability Company, | : | This case assigned to District Judge **Baker** |
| | : | and to Magistrate Judge **Harris** |
| Defendant. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Smith's Consumer Products, Inc. ("SCP" or "Plaintiff"), by its undersigned attorneys, hereby files its Complaint for Declaratory Judgement against Darex, LLC, dba Work Sharp ("Darex" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment pursuant to 28 U.S.C.§§ 2201 and 2202 and the Lanham Act, 15 U.S.C. §§ 1051, et seq., and related state and common law claims concerning unfair competition.

2.     An actual case or controversy within this Court's jurisdiction exists between the parties concerning their respective trademark and trade dress rights as set forth below.

## THE PARTIES

3.     Smith's Consumer Products, Inc. is a Delaware corporation with a principal place of business at 747 Mid- America Blvd., Hot Springs, Arkansas 71913.

4.     Upon information and belief, Darex, LLC dba Work Sharp is an Oregon limited liability company with a principal place of business at 210 E. Hersey St., Ashland, Oregon 97520.

1

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this Complaint pursuant to the
Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 as well as under the Lanham
Act, 15 U.S.C. §§ 1051 et seq. and pursuant to 28 U.S.C. §§ 1331, 1332, and 1367 and 15 U.S.C.
§ 1121.

6.      This Court has personal jurisdiction over Defendant because Defendant has
purposefully established sufficient minimum contacts with this forum to comport with fair play
and substantial justice. To begin, Defendant sent a cease and desist letter to Plaintiff's counsel on
November 8, 2023 regarding the threat of a trademark infringement action related to the cause of
action that is the subject of this Complaint. A true and correct copy of this cease and desist letter
is attached as Exhibit A. At the time Defendant served its cease and desist letter, Defendant had
personal knowledge that Plaintiff's principal place of business is located in Arkansas.

7.      Furthermore, Defendant has previously chosen to enforce its intellectual property
rights in this jurisdiction against Plaintiff. In 2017 Defendant sent Plaintiff a cease and desist
letter regarding a patent claim for products related to those at issue in the instant Complaint. The
2018 and 2022 settlement and license agreements that resulted from these matters contain
clauses that state that the agreements shall be "construed, enforced, and administered in
accordance with the laws of the state of Arkansas, without regard to conflict of law principles." A
true and correct copy of these settlement agreements is attached as Exhibit B (Non-public
Settlement Agreements, to be filed under seal).

8.      By virtue of these actions, Defendant has purposefully availed itself of this forum
in a manner that supports personal jurisdiction.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

10.     Since at least as early as 1886 when the company was founded, Plaintiff has produced a wide variety of consumer goods, including sharpening tools and instruments.

11.     Plaintiff has continuously sold knife and tool sharpeners in connection with its SMITH'S mark and name since at least as early as 1960 for manual sharpeners and 2006 for electric and power operated sharpeners. Plaintiff owns U.S. Trademark Registration No. 3,634,203 for SMITH'S in standard characters for "electric knife sharpeners; electric scissor sharpeners; power operated sharpeners" in International Class 7 and "Hand tools, namely, knife sharpeners; hand-operated sharpening tools and instruments; knife sharpeners; manually operated sharpeners; sharpening rods; sharpening stones; whetstones" in International Class 8, issued Jun 9, 2009. A true and correct copy of the status and title of this registration from the U.S. Patent & Trademark Office is attached hereto as Exhibit C.

12.     Upon information and belief, Defendant has sold various knife and tool sharpening products since at least as early as 2006 in connection with its WORK SHARP trademark.

13.     Defendant claims to own common law trademark rights in its product packaging for its knife and tool sharpener products.

14.     In particular, Defendant claims that its amber and black color scheme as used on the packaging is distinctive and is able to serve as a source indicator. Defendant also claims rights in the use of a black W logo design placed on a sometimes angled, sometimes square amber background, and in the all-caps sans-serif white and amber fonts used to describe the product name and details, in a combination of smaller and larger typefaces. Defendant also claims trade dress rights in the hexagonal-shaped icons used to illustrate product features

3

(collectively, "Defendant's Alleged Trade Dress"). Examples of Defendant's Alleged Trade Dress can be seen in Exhibit A.

15.     Upon information and belief, Defendant does not own any federal trademark registrations for its claimed trade dress beyond Registration No. 5,349,672 for the stylized W logo for "manually operated sharpeners" in International Class 8, registered December 5, 2017 with a claimed first use date of December 31, 2010 and with no color claim (the "W Logo"). A true and correct copy of the status and title of this registration from the U.S. Patent & Trademark Office is attached hereto as Exhibit D.

16.     In its cease and desist letter to Plaintiff, Defendant claims rights in Defendant's Alleged Trade Dress dating since 2006. See Exhibit A.

17.     Upon information and belief, Defendant only started using the W Logo on an angled amber background in the upper left corner on its sharpener packaging in 2016.

18.     Upon information and belief, Defendant only uses the W Logo on an angled amber background in the upper-left corner on one product, the Replacement Belt Kit. (See Exhibit A.) All other products use the W Logo in a square amber background, and the placement of the W Logo varies in location on the package. The W Logo with the amber background is typically placed next to the mark WORK SHARP.

19.     Defendant's hexagonal icons claimed as part of Defendant's Alleged Trade Dress contain small illustrations of the product. See Exhibit A.

20.     Plaintiff has employed packaging with a color scheme that employs red, yellow-orange, white, and black elements, including white and yellow-orange text on a black background since long before 2006.

4

21.     The SMITH'S mark and name appears prominently on all Plaintiff's packaging in red. Examples of Plaintiff's trade dress can be seen in Exhibit A and additional examples of the trade dress are attached hereto as Exhibit E.

22.     The SMITH'S mark is often used in the logo or design format with the SMITH'S mark above the wording SINCE 1886 below. Plaintiff owns U.S. Trademark Registration No. 4,866,055 for this logo, which registered December 8, 2015 and having a claimed first use date of July 1, 2006 for "electric knife sharpeners; electric scissor sharpeners; power-operated sharpeners" in International Class 7. Plaintiff also owns U.S. Trademark Registration No. 3,025,726 for the logo, which registered December 13, 2005 for "manual sharpeners for knives, scissors, and tools" in Class 8 with a claimed first use date of 1960.  True and correct copies of the status and title of these registration from the U.S. Patent & Trademark Office are attached hereto as Exhibit F.

23.     Plaintiff's sharpeners, knifes, and similar tools have been a yellow-orange color since at least as early as 1994.

24.     Plaintiff has incorporated the yellow-orange color of its products in its product packaging in various forms, including yellow-orange text and a yellow-orange triangular shape in the upper-left corner with the prominent red SMITH'S mark and name and/or logo. See Exhibits A and E. Plaintiff incorporated this positioning of the SMITH'S mark and name in red over a yellow-orange triangular shape in the upper-left corner prior to 2016.

25.     Plaintiff has also incorporated white and yellow-orange text in different size typefaces, in both serif and sans serif fonts, as part of its trade dress to list the product names and details since prior to 2003.

26.     Plaintiff also includes icons on certain products that describe the product's features. These icons are minimal line drawings in a circular shape. See Exhibits A and E.

## CLAIMS FOR RELIEF

### COUNT 1 – DECLARATORY JUDGMENT OF FAILURE OF TRADE DRESS TO FUNCTION AS TRADEMARK – LACK OF SECONDARY MEANING

27.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

28.     Defendant claims to own trademark rights in Defendant's Alleged Trade Dress, which Plaintiff denies.

29.     Defendant's Alleged Trade Dress consists of black packaging with amber elements, including the black W Logo on a square amber background (or in at least one case angled background), all-caps sans serif white and amber typeface in a combination of larger and smaller fonts, and hexagonal icons describing product features, which is not inherently distinctive.

30.     Defendant's Alleged Trade Dress is not consistent across its various products, with wording in different locations on the products and different features on each product package design.

31.     Defendant does not exclusively use or own elements that make up Defendant's Alleged Trade Dress.

32.     Defendant's Alleged Trade Dress fails to function as a trademark because it is not inherently distinctive and has not acquired distinctiveness such that it indicates the source of Defendant's goods and distinguishes those goods from those sold by any other tool manufacturer.

33.     Defendant's claim to exclusive rights to Defendant's Alleged Trade Dress is contrary to the Lanham Act, 15 U.S.C. §§ 1051, et seq. and outside the scope of any cognizable claim of rights Defendant may have thereunder.

34.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's products free from Defendant's interference.

35.     Plaintiff seeks declaratory judgment from this Court that the use of Defendant's Alleged Trade Dress is incapable of protection under trademark law because it is not inherently distinctive and it has not acquired distinctiveness. The claimed trademark does not function as an indicator of source of knife and tool sharpening products to purchasers of the general public.

36.     Plaintiff seeks declaratory judgment from this Court that Defendant's Alleged Trade Dress does not constitute a valid, protectable trademark.

## COUNT II – DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT AND NO FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT

37.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

38.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's products free from Defendant's interference.

39.     Plaintiff seeks declaratory judgment from this Court that the use, offering for sale, or sale of goods containing packaging bearing Plaintiff's trade dress is not likely to cause confusion as to the source, affiliation, or sponsorship of Plaintiff's goods with those of Defendant.

40.     Plaintiff seeks declaratory judgment from this Court that Plaintiff's manufacture, use, or sale of the products sold under its trade dress in interstate commerce does not constitute trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114-1118 and § 1125.

7

41.     Defendant's allegations and demands have created a reasonable apprehension of litigation and have and will continue to adversely affect Plaintiff because, until the Court makes a determination of Plaintiff's rights, Plaintiff will continue to be in doubt regarding its ability to produce, distribute, and sell its products.

## COUNT III – DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION UNDER THE LANHAM ACT

42.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

43.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's products free from Defendant's interference.

44.     Plaintiff seeks declaratory judgment from this Court that the use, offering for sale, or sale of goods containing packaging bearing Plaintiff's trade dress does not constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125.

45.     Defendant's allegations and demands have created a reasonable apprehension of litigation and have and will continue to adversely affect Plaintiff because, until the Court makes a determination of Plaintiff's rights, Plaintiff will continue to be in doubt regarding its ability to produce, distribute, and sell its products.

## COUNT IV – DECLARATORY JUDGMENT OF NO TRADEMARK DILUTION OR TARNISHMENT

46.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

47.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's products free from Defendant's interference.

48.     Defendant has not engaged in a substantially exclusive use of Defendant's Alleged Trade Dress and Defendant's Alleged Trade Dress is not inherently distinctive nor has it acquired distinctiveness.

49.     Defendant's Alleged Trade Dress is not famous.

50.     Plaintiff seeks Declaratory judgment from this Court that Plaintiff's use, promotion, advertising, offering for sale, or sale of Plaintiff's goods bearing Plaintiff's trade dress has not and does not dilute or tarnish any rights in Defendant's Alleged Trade Dress and that Defendant's Alleged Trade Dress does not qualify as famous under the Lanham Act, 15 U.S.C. § 1125(c).

51.     Defendant's allegations and demands have created a reasonable apprehension of litigation and have and will continue to adversely affect Plaintiff because, until the Court makes a determination of Plaintiff's rights, Plaintiff will continue to be in doubt regarding its ability to produce, distribute, and sell its products.

**COUNT V – DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION UNDER COMMON LAW OR ARKANSAS STATE LAW**

52.     Plaintiff hereby incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

53.     An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the right to sell Plaintiff's products free from Defendant's interference.

54.     Plaintiff seeks declaratory judgment from this Court that the use, offering for sale, or sale of goods containing packaging bearing Plaintiff's trade dress is not likely to cause confusion as to the source, affiliation, or sponsorship of Plaintiff's goods with those of Defendant.

55.     Plaintiff seeks declaratory judgment from this Court that the use, offering for sale, or sale of goods containing packaging bearing Plaintiff's trade dress does not constitute trademark infringement or unfair competition under Arkansas State law (including but not limited to Ark. Code Ann. § 4-71-212 and Ark. Code Ann.§§ 4-88-101 et seq.) and at common law.

56.     Defendant's allegations and demands have created a reasonable apprehension of litigation and have and will continue to adversely affect Plaintiff because, until the Court makes a determination of Plaintiff's rights, Plaintiff will continue to be in doubt regarding its ability to produce, distribute, and sell its products.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

a.  Declaring that Defendant's Alleged Trade Dress fails to function as an indicator of source because it is not inherently distinctive and lacks secondary meaning;

b.  Declaring that the use, promotion, advertising, offering for sale, or sale of goods containing packaging bearing Plaintiff's trade dress is not likely to cause confusion as to the source, affiliation, or sponsorship of Plaintiff's goods with those of Defendant;

c.  Declaring that Plaintiff's conduct, including the use, promotion, advertising, offering for sale, or sale of the packaging bearing Plaintiff's trade dress does not constitute trademark infringement, false designation of origin, unfair competition, or dilution under the Lanham Act or any other federal, state, or common law, including but not limited to 15 U.S.C. §§ 1114 and 1125.

d.  An award of costs and reasonable attorney's fees to Plaintiff; and

e.  Such other and further relief as the Court may deem just and proper.

Dated: December 21, 2023

Respectfully submitted,

By: Adam L. Hopkins (Ark. #2006282)
ROSE LAW FIRM, P.A.
5100 W. JB Hunt Dr., Suite 900
Rogers, Arkansas 72758
Phone (Direct): (479) 856-6081
ahopkins@roselawfirm.com

*Attorneys for Plaintiff Smith's Consumer
Products, Inc.*

11

# EXHIBIT A



**workman**
**nydegger**
Intellectual Property Law

60 East South Temple
Suite 1000
Salt Lake City, Utah 84111
(801) 533-9800
www.wnlaw.com

Brian N. Platt
Shareholder
Email: BPlatt@wnlaw.com

November 8, 2023

**VIA EMAIL ONLY**
pforsyth@pittslake.com

Paul A. Forsyth
Pitts & Lake, P.C.
1319 Old Weisgarber Road
Knoxville, TN 37909-1295

**Re:   NOTICE OF INFRINGEMENT OF WORK SHARP'S TRADE DRESS**

Dear Mr. Forsyth,

As you know, Workman Nydegger represents Darex, LLC, dba Work Sharp ("Work Sharp") in intellectual property matters and litigation.  I'm writing concerning Smith's Consumer Product, Inc. ("Smith's") infringement of Work Sharp's trade dress.

Work Sharp, a global leader in designing, manufacturing, and providing power and manual tool sharpeners and accessories, introduced its Work Sharp® line of sharpening products in December 2006. This line has since grown, and its products are now available worldwide, including at prominent retailers, including Cabela's, Scheels, Walmart, Lowes, and Menards.

A hallmark of Work Sharp is its amber and black color scheme, which is instantly recognizable and synonymous with the brand's quality and reputation.  This distinctiveness has been cultivated over the years through consistent advertising and packaging and product design. Some examples of Work Sharp's distinctive style and branding are shown below:





Paul A. Forsyth
Smith's Consumer Products, Inc.
November 8, 2023
Page 2


















Paul A. Forsyth
Smith's Consumer Products, Inc.
November 8, 2023
Page 3

Long after Work Sharp's adoption and use of its amber and black branding, Smith's started
producing and offering products and packaging bearing a color scheme and design confusingly
and strikingly similar to Work Sharp's:

Packaging Comparison Chart

| Work Sharp Packaging | Smith's Imitation of Work Sharp Packaging |
|---|---|
|  |  |

Exemplary brand features Smith's copied from Work Sharp:

- Overall amber and black design
- Angular, amber logo on black background
- All-caps, sans-serif, white and amber typeface
- Product name/ description in combination of white and amber typeface
- Product name/description in combination of larger and smaller typeface

Paul A. Forsyth
Smith's Consumer Products, Inc.
November 8, 2023
Page 4

_____

Packaging Comparison Chart

| Work Sharp Packaging (back) | Work Sharp Packaging (front) | Smith's Imitation of Work Sharp Packaging |
|:---:|:---:|:---:|
|  |  |  |

Exemplary brand features Smith's copied from Work Sharp:

- Overall amber and black design
- Amber logo on black (or dark) background
- All-caps, sans-serif, white and amber typeface
- Product name in combination of white and amber typeface
- Product name in combination of larger and smaller typeface
- Minimalist icons with white typeface

Paul A. Forsyth
Smith's Consumer Products, Inc.
November 8, 2023
Page 5

_____

Packaging Comparison Chart

| Work Sharp Packaging | Smith's Imitation of Work Sharp Packaging |
|---|---|
|  |  |

Exemplary brand features Smith's copied from Work Sharp:

- Overall amber and black (or dark) design
- Angular, amber logo on black background
- All-caps, sans-serif, white and amber typeface on black (or dark) background
- Product name/description in combination of thick, white, and amber typeface

Additional examples of Smith's imitation of Work Sharp's branding are included below:





Paul A. Forsyth
Smith's Consumer Products, Inc.
November 8, 2023
Page 6

 

This resemblance is neither coincidental nor innocent. A closer look at Smith's product history further supports this conclusion:

Smith's Product Packaging Timeline



Examples of Smith's packaging
from approx. 1999 – 2016

Examples of Smith's
Packaging approx. 2017-current

Paul A. Forsyth
Smith's Consumer Products, Inc.
November 8, 2023
Page 7

_____

### Side-by-Side Historical Product Comparison

| Work Sharp Packaging | Smith's JIFF V-SHARP Imitation Packaging | Smith's JIFF V-SHARP Packaging pre-2017 |
|---|---|---|





### Side-by-Side Historical Product Comparison

| Work Sharp Packaging | Smith's Pocket Pal Imitation Packaging | Smith's Pocket Pal Packaging pre-2017 |
|---|---|---|





Paul A. Forsyth
Smith's Consumer Products, Inc.
November 8, 2023
Page 8

_____

Numerous examples of copying suggest Smith's deliberate imitation of Work Sharp's branding. This has, unfortunately, led to market confusion, misleading consumers into thinking Smith's products are affiliated with Work Sharp.

Recently, we have learned that Smith's imitation has further led to mixed-up and confusing in-store displays in retailers such as Walmart, Bass Pro, and Cabela's:



(Walmart In-Store Displays)

Paul A. Forsyth
Smith's Consumer Products, Inc.
November 8, 2023
Page 9

 

(Walmart In-Store Displays)



(Bass Pro In-Store Display)

These few examples show the clear and damaging potential for customer confusion in retail.

Paul A. Forsyth
Smith's Consumer Products, Inc.
November 8, 2023
Page 10

_____

Smith's misuse of Work Sharp's distinctive style has allowed it to capitalize on Work Sharp's market reputation, detrimentally affecting both consumers and Work Sharp's brand integrity.

15 U.S.C. 1125(a) prohibits the use of branding likely to cause confusion or deception regarding product origin or affiliation. Such branding includes trade dress, which encompasses the visual appearance of a product and/or its packaging that signifies the source of the product to consumers. *See Two Pesos, Inc. v. Taco Cabana, Inc*., 505 U.S. 763 (1992). Smith's use of confusingly similar color schemes and packaging infringes Work Sharp's trade dress, violating this statute and others pertaining to trademark dilution and unfair competition.

Work Sharp is committed to protecting its intellectual property. While confident in our legal position, our preference is to settle this matter amicably. Therefore, we request that Smith's:

- Remove all branding and packaging that infringe on Work Sharp's trade dress from physical retailers by November 15, 2024.

- Transition completely away from Work Sharp's amber and black color scheme and any other similar designs by January 1, 2025.

- Agree to not infringe Work Sharp's trade dress in the future.

Should we not receive a confirmation of compliance from Smith's, we will interpret it as an inclination to address this through legal avenues. This letter is without prejudice to all rights and remedies available to Work Sharp, including the right to seek available remedies in the courts of the United States without further notice. Please feel free to contact me directly via e-mail at bplatt@wnlaw.com. We look forward to your response no later than January 1, 2024.

Very truly yours,

**WORKMAN NYDEGGER**

Brian N. Platt
Timothy D. Nichols

**EXHIBIT B PLACEHOLDER**

**SUBJECT TO MOTION FOR LEAVE**

**TO FILE EXHIBIT UNDER SEAL**

# EXHIBIT C

**Generated on:** This page was generated by TSDR on 2023-12-18 12:52:33 EST

**Mark:** SMITH'S

# SMITH'S

| | | | |
|---|---|---|---|
| **US Serial Number:** | 77531836 | **Application Filing Date:** | Jul. 25, 2008 |
| **US Registration Number:** | 3634203 | **Registration Date:** | Jun. 09, 2009 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** The registration has been renewed.

**Status Date:** Mar. 10, 2019

**Publication Date:** Mar. 24, 2009

## Mark Information

**Mark Literal Elements:** SMITH'S

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Related Properties Information

**Claimed Ownership of US Registrations:** 3025726

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Electric knife sharpeners; Electric scissor sharpeners; Power operated sharpeners

| | | | |
|---|---|---|---|
| **International Class(es):** | 007 - Primary Class | **U.S Class(es):** | 013, 019, 021, 023, 031, 034, 035 |

**Class Status:** ACTIVE

**Basis:** 1(a)

| | | | |
|---|---|---|---|
| **First Use:** | Jul. 01, 2006 | **Use in Commerce:** | Jul. 01, 2006 |

**For:** Hand tools, namely, knife sharpeners; Hand-operated sharpening tools and instruments; Knife sharpeners; Manually operated sharpeners; Sharpening rods; Sharpening stones; Whetstones

| | | | |
|---|---|---|---|
| **International Class(es):** | 008 - Primary Class | **U.S Class(es):** | 023, 028, 044 |

**Class Status:** ACTIVE

**Basis:** 1(a)

**First Use:** Dec. 31, 1960                                 **Use in Commerce:** Dec. 31, 1960

## Basis Information (Case Level)

**Filed Use:** Yes                                 **Currently Use:** Yes

**Filed ITU:** No                                 **Currently ITU:** No

**Filed 44D:** No                                 **Currently 44E:** No

**Filed 44E:** No                                 **Currently 66A:** No

**Filed 66A:** No                                 **Currently No Basis:** No

**Filed No Basis:** No

## Current Owner(s) Information

**Owner Name:** SMITH'S CONSUMER PRODUCTS, INC.

**Owner Address:** c/o Rose Law Firm 5100 W JB Hunt Dr #900
Rogers, ARKANSAS UNITED STATES 72758

**Legal Entity Type:** CORPORATION                    **State or Country** DELAWARE
**Where Organized:**

## Attorney/Correspondence Information

**Attorney of Record**

**Attorney Name:** Adam Hopkins

**Attorney Primary** trademarks@roselawfirm.com                    **Attorney Email** Yes
**Email Address:**                                          **Authorized:**

**Correspondent**

**Correspondent** Adam Hopkins
**Name/Address:** ROSE LAW FIRM
5100 W JB Hunt Dr #900
Rogers, ARKANSAS UNITED STATES 72758

**Phone:** 479-301-2444

**Correspondent e-** trademarks@roselawfirm.com ahopkins@roselawf          **Correspondent e-** Yes
**mail:** irm.com kkotoucek@roselawfirm.com                    **mail Authorized:**

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Apr. 06, 2023 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Apr. 06, 2023 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Apr. 06, 2023 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Apr. 06, 2023 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Apr. 06, 2023 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Jul. 07, 2020 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Jul. 07, 2020 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Jul. 07, 2020 | TEAS WITHDRAWAL OF ATTORNEY RECEIVED-FIRM RETAINS | |
| Jul. 07, 2020 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Jul. 07, 2020 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Jul. 07, 2020 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Jul. 23, 2019 | REVIEW OF CORRESPONDENCE COMPLETE - POWER OF ATTORNEY ENTERED | |
| Jul. 23, 2019 | TEAS WITHDRAWAL OF ATTORNEY RECEIVED-FIRM RETAINS | |
| Mar. 10, 2019 | NOTICE OF ACCEPTANCE OF SEC. 8 & 9 - E-MAILED | |
| Mar. 10, 2019 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) | |
| Mar. 10, 2019 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | |
| Mar. 10, 2019 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | |

| Feb. 05, 2019 | TEAS SECTION 8 & 9 RECEIVED |
| Jun. 09, 2018 | COURTESY REMINDER - SEC. 8 (10-YR)/SEC. 9 E-MAILED |
| Dec. 12, 2017 | TEAS CHANGE OF CORRESPONDENCE RECEIVED |
| Sep. 10, 2014 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED |
| Sep. 10, 2014 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. |
| Sep. 10, 2014 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL |
| Aug. 25, 2014 | TEAS SECTION 8 & 15 RECEIVED |
| Jul. 04, 2012 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP |
| Feb. 18, 2011 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED |
| Feb. 18, 2011 | TEAS CHANGE OF OWNER ADDRESS RECEIVED |
| Jun. 09, 2009 | REGISTERED-PRINCIPAL REGISTER |
| Mar. 24, 2009 | PUBLISHED FOR OPPOSITION |
| Mar. 04, 2009 | NOTICE OF PUBLICATION |
| Feb. 19, 2009 | LAW OFFICE PUBLICATION REVIEW COMPLETED |
| Feb. 19, 2009 | ASSIGNED TO LIE |
| Feb. 11, 2009 | APPROVED FOR PUB - PRINCIPAL REGISTER |
| Feb. 11, 2009 | EXAMINER'S AMENDMENT ENTERED |
| Feb. 11, 2009 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED |
| Feb. 11, 2009 | EXAMINERS AMENDMENT E-MAILED |
| Feb. 11, 2009 | EXAMINERS AMENDMENT -WRITTEN |
| Jan. 02, 2009 | TEAS/EMAIL CORRESPONDENCE ENTERED |
| Dec. 31, 2008 | CORRESPONDENCE RECEIVED IN LAW OFFICE |
| Dec. 31, 2008 | TEAS RESPONSE TO OFFICE ACTION RECEIVED |
| Sep. 11, 2008 | NOTIFICATION OF NON-FINAL ACTION E-MAILED |
| Sep. 11, 2008 | NON-FINAL ACTION E-MAILED |
| Sep. 11, 2008 | NON-FINAL ACTION WRITTEN |
| Sep. 10, 2008 | ASSIGNED TO EXAMINER |
| Jul. 29, 2008 | NEW APPLICATION ENTERED |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| Current Location: | GENERIC WEB UPDATE | Date in Location: | Mar. 10, 2019 |

## Assignment Abstract Of Title Information

**Summary**

| Total Assignments: | 1 | Registrant: | Smith Abrasives, Inc. |

### Assignment 1 of 1

| Conveyance: | CHANGE OF NAME | | |
| Reel/Frame: | 4808/0704 | Pages: | 4 |
| Date Recorded: | Jun. 26, 2012 | | |
| Supporting Documents: | assignment-tm-4808-0704.pdf | | |

**Assignor**

| Name: | SMITH ABRASIVES, INC. | Execution Date: | Jun. 19, 2012 |
| Legal Entity Type: | CORPORATION | State or Country Where Organized: | DELAWARE |

**Assignee**

| Name: | SMITH'S CONSUMER PRODUCTS, INC. | | |
| Legal Entity Type: | CORPORATION | State or Country Where Organized: | DELAWARE |
| Address: | 747 MID-AMERICA BOULEVARD HOT SPRINGS, ARKANSAS 71913 | | |

**Correspondent**

**Correspondent Name:** KATHRYN BENNETT PERKINS

**Correspondent Address:** 120 EAST FOURTH ST.
LITTLE ROCK, AR 72201

**Domestic Representative - Not Found**

# EXHIBIT D

**Generated on:** This page was generated by TSDR on 2023-12-18 12:48:57 EST

**Mark:** W



| | | | |
|---|---|---|---|
| **US Serial Number:** | 87428426 | **Application Filing Date:** | Apr. 27, 2017 |
| **US Registration Number:** | 5349672 | **Registration Date:** | Dec. 05, 2017 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**

LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** A Sections 8 and 15 combined declaration has been accepted and acknowledged.

**Status Date:** Jun. 17, 2023

**Publication Date:** Sep. 19, 2017

# Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | W |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S) |
| **Description of Mark:** | The mark consists of three parallel diagonal lines representing a stylized letter "W". |
| **Color(s) Claimed:** | Color is not claimed as a feature of the mark. |
| **Design Search Code(s):** | 26.17.01 - Bands, straight; Bars, straight; Lines, straight; Straight line(s), band(s) or bar(s)<br>26.17.06 - Bands, diagonal; Bars, diagonal; Diagonal line(s), band(s) or bar(s); Lines, diagonal<br>27.03.01 - Geometric figures forming letters, numerals or punctuation<br>27.03.05 - Objects forming letters or numerals |

# Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Manually operated sharpeners | | |
| **International Class(es):** | 008 - Primary Class | **U.S Class(es):** | 023, 028, 044 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) | | |
| **First Use:** | Dec. 31, 2010 | **Use in Commerce:** | Dec. 31, 2010 |

# Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** Yes | | **Currently Use:** Yes | |
| **Filed ITU:** No | | **Currently ITU:** No | |
| **Filed 44D:** No | | **Currently 44E:** No | |
| **Filed 44E:** No | | **Currently 66A:** No | |
| **Filed 66A:** No | | **Currently No Basis:** No | |
| **Filed No Basis:** No | | | |

# Current Owner(s) Information

**Owner Name:** Darex, LLC

**Owner Address:** 210 E. Hersey Street
Ashland, OREGON UNITED STATES 97520

**Legal Entity Type:** LIMITED LIABILITY COMPANY   **State or Country** OREGON
**Where Organized:**

# Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** Timothy Dell Nichols   **Docket Number:** 22057.153

**Attorney Primary** docketing@wnlaw.com   **Attorney Email** Yes
**Email Address:**   **Authorized:**

### Correspondent

**Correspondent** Timothy Dell Nichols
**Name/Address:** Workman Nydegger
60 East South Temple, Suite 1000
Salt Lake City, UTAH UNITED STATES 84111

**Phone:** 801-533-9800   **Fax:** 801-328-1707

**Correspondent e-** tnichols@wnlaw.com mrubi@wnlaw.com docketin   **Correspondent e-** Yes
**mail:** g@wnlaw.com   **mail Authorized:**

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jun. 17, 2023 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED | |
| Jun. 17, 2023 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | |
| Jun. 17, 2023 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | |
| Dec. 19, 2022 | TEAS SECTION 8 & 15 RECEIVED | |
| Dec. 05, 2022 | COURTESY REMINDER - SEC. 8 (6-YR) E-MAILED | |
| Oct. 13, 2022 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Oct. 13, 2022 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Oct. 13, 2022 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Dec. 05, 2017 | REGISTERED-PRINCIPAL REGISTER | |
| Sep. 19, 2017 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Sep. 19, 2017 | PUBLISHED FOR OPPOSITION | |
| Aug. 30, 2017 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jul. 31, 2017 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jul. 31, 2017 | EXAMINER'S AMENDMENT ENTERED | |
| Jul. 31, 2017 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED | |
| Jul. 31, 2017 | EXAMINERS AMENDMENT E-MAILED | |
| Jul. 31, 2017 | EXAMINERS AMENDMENT -WRITTEN | |
| Jul. 25, 2017 | ASSIGNED TO EXAMINER | |
| May 05, 2017 | NOTICE OF DESIGN SEARCH CODE E-MAILED | |
| May 04, 2017 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED | |
| May 01, 2017 | NEW APPLICATION ENTERED | |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:**  TMEG LAW OFFICE 108                    **Date in Location:**  Jun. 17, 2023

# EXHIBIT E



**Smith's**
*SINCE 1886*

TRIO DE PIERRE
D'AIGUISAGE DE 15CM

SISTEMA DE TRIPLE
AFILADO DE 6" (15 CM)

# 6" TRI-HONE
# SHARPENING
# SYSTEM

Made In USA
with U.S. and imported parts





**SHARPENS KNIVES & TOOLS**
AIGUISE COUTEAUX ET OUTILS
AFILA CUCHILLOS Y HERRAMIENTAS



**NATURAL ARKANSAS & SYNTHETIC STONES**
PIEDRAS NATURALES DE ARKANSAS
Y SINTÉTICAS
PIERRES D'ARKANSAS NATURELLES ET
SYNTHÉTIQUES



**STURDY NON-SKID BASE**
BASE NON-GLISSANTE ROBUSTE
BASE ANTIDESLIZANTE ROBUSTO





**Smith's**
*SINCE 1886*

3-YEAR
LIMITED
WARRANTY

GARANTIE LIMITÉE DE 3 ANS
GARANTÍA LIMITADA DE 3 AÑOS

# TOOL & KNIFE BELT SHARPENER
# AIGUISSEUR DE CEINTURE POUR OUTILS ET COUTEAUX

## AFILADOR DE CORREA PARA HERRAMIENTAS Y CUCHILLOS



**SHARPENS STRAIGHT-EDGE KNIVES**
AFFÛTE COUTEAUX DROITS
AFILA CUCHILLOS DE BORDE RECTO



**SHARPENS PRACTICALLY ALL BLADED TOOLS**
AFFÛTE PRATIQUEMENT TOUS LES OUTILS À LAME
AFILA PRÁCTICAMENTE TODAS LAS HERRAMIENTAS CON HOJAS



**ROTATING HEAD**
TÊTE ROTATIVE
CABEZA GIRATORIA





**Smith's®**
SINCE 1886

# ADJUSTABLE ANGLE

**PULL-THRU KNIFE SHARPENER · AIGUISEUR D'ANGLE RÉGLABLE**
AFILADOR CON ANGULO AJUSTABLE



**SHARPENS STRAIGHT &
SERRATED BLADES**
AIGUISE LES LAMES DROITES
ET CRÉNELÉES
AFILA CUCHILLOS DE BORDES
RECTOS Y SERRADOS



**ADJUST TO MATCH KNIFE**
AJUSTEZ AU MATCH
AVEC COUTEAU
AJUSTE PARA QUE
COINCIDA CON CUCHILLO

FINE

SERRATED
FIXED ANGLE

COARSE

ANGLE ADJUST

**Smith's®**
SINCE 1886



# EXHIBIT F

Generated on: This page was generated by TSDR on 2023-12-18 11:47:56 EST

Mark: SMITH'S SINCE 1886



US Serial Number: 76604974

US Registration Number: 3025726

Register: Principal

Mark Type: Trademark

TM5 Common Status Descriptor:



Status: The registration has been renewed.

Status Date: Apr. 30, 2015

Publication Date: Sep. 20, 2005

Application Filing Date: Aug. 02, 2004

Registration Date: Dec. 13, 2005

LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

# Mark Information

Mark Literal Elements: SMITH'S SINCE 1886

Standard Character Claim: No

Mark Drawing Type: 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S)

Color(s) Claimed: Color is not claimed as a feature of the mark.

Disclaimer: "SINCE 1886"

Design Search Code(s): 26.17.13 - Letters or words underlined and/or overlined by one or more strokes or lines; Overlined words or letters; Underlined words or letters

# Related Properties Information

International Registration Number: 1533161

International Application(s) /Registration(s) Based on this Property: A0096122/1533161

# Goods and Services

Note:
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

For: manual sharpeners for knives, scissors, and tools

International Class(es): 008 - Primary Class

U.S Class(es): 023, 028, 044

Class Status: ACTIVE

|  |  |  |  |
|---|---|---|---|
| **Basis:** | 1(a) |  |  |
| **First Use:** | 1960 | **Use in Commerce:** | 1960 |
| **For:** | [ cross hair illuminator for optical gun sights ] | | |
| **International Class(es):** | 009 - Primary Class | **U.S Class(es):** | 021, 023, 026, 036, 038 |
| **Class Status:** | SECTION 8 - CANCELLED | | |
| **Basis:** | 1(a) | | |
| **First Use:** | 2000 | **Use in Commerce:** | 2000 |

## Basis Information (Case Level)

|  |  |  |  |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

## Current Owner(s) Information

|  |  |
|---|---|
| **Owner Name:** | SMITH'S CONSUMER PRODUCTS, INC. |
| **Owner Address:** | c/o Rose Law Firm 5100 W JB Hunt Dr #900<br>Rogers, ARKANSAS UNITED STATES 72758 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized:** | DELAWARE |

## Attorney/Correspondence Information

### Attorney of Record

|  |  |  |  |
|---|---|---|---|
| **Attorney Name:** | Adam Hopkins | | |
| **Attorney Primary Email Address:** | trademarks@roselawfirm.com | **Attorney Email Authorized:** | Yes |

### Correspondent

|  |  |  |  |
|---|---|---|---|
| **Correspondent Name/Address:** | Adam Hopkins<br>ROSE LAW FIRM<br>5100 W JB Hunt Dr #900<br>Rogers, ARKANSAS UNITED STATES 72758 | | |
| **Phone:** | 479-301-2444 | | |
| **Correspondent e-mail:** | ahopkins@roselawfirm.com trademarks@roselawf irm.com kkotoucek@roselawfirm.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Apr. 06, 2023 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Apr. 06, 2023 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Apr. 06, 2023 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Apr. 06, 2023 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Apr. 06, 2023 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Jul. 07, 2020 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Jul. 07, 2020 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Jul. 07, 2020 | TEAS WITHDRAWAL OF ATTORNEY RECEIVED-FIRM RETAINS | |
| Jul. 07, 2020 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Jul. 07, 2020 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Jul. 07, 2020 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |

| | |
|---|---|
| Jul. 23, 2019 | REVIEW OF CORRESPONDENCE COMPLETE - POWER OF ATTORNEY ENTERED |
| Jul. 23, 2019 | TEAS WITHDRAWAL OF ATTORNEY RECEIVED-FIRM RETAINS |
| Dec. 12, 2017 | TEAS CHANGE OF CORRESPONDENCE RECEIVED |
| Apr. 30, 2015 | NOTICE OF ACCEPTANCE OF SEC. 8 & 9 - E-MAILED |
| Apr. 30, 2015 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) |
| Apr. 30, 2015 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED |
| Apr. 29, 2015 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL |
| Apr. 15, 2015 | TEAS SECTION 8 & 9 RECEIVED |
| Jul. 04, 2012 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP |
| Jul. 19, 2011 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED |
| Jul. 19, 2011 | REGISTERED - PARTIAL SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. |
| Jun. 03, 2011 | REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED |
| Jul. 15, 2011 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED |
| Jul. 15, 2011 | POST REGISTRATION ACTION CORRECTION |
| Jul. 15, 2011 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL |
| Jun. 03, 2011 | TEAS SECTION 8 & 15 RECEIVED |
| Feb. 18, 2011 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED |
| Feb. 18, 2011 | TEAS CHANGE OF OWNER ADDRESS RECEIVED |
| Dec. 27, 2007 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED |
| Dec. 27, 2007 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED |
| Dec. 13, 2005 | REGISTERED-PRINCIPAL REGISTER |
| Sep. 20, 2005 | PUBLISHED FOR OPPOSITION |
| Aug. 31, 2005 | NOTICE OF PUBLICATION |
| Aug. 10, 2005 | LAW OFFICE PUBLICATION REVIEW COMPLETED |
| Aug. 05, 2005 | ASSIGNED TO LIE |
| Aug. 01, 2005 | EXAMINERS AMENDMENT MAILED |
| Aug. 01, 2005 | APPROVED FOR PUB - PRINCIPAL REGISTER |
| Aug. 01, 2005 | EXAMINERS AMENDMENT -WRITTEN |
| Jul. 29, 2005 | PREVIOUS ALLOWANCE COUNT WITHDRAWN |
| Jun. 24, 2005 | WITHDRAWN BEFORE PUBLICATION |
| Apr. 13, 2005 | LAW OFFICE PUBLICATION REVIEW COMPLETED |
| Apr. 08, 2005 | ASSIGNED TO LIE |
| Apr. 04, 2005 | APPROVED FOR PUB - PRINCIPAL REGISTER |
| Apr. 01, 2005 | AMENDMENT FROM APPLICANT ENTERED |
| Mar. 21, 2005 | CORRESPONDENCE RECEIVED IN LAW OFFICE |
| Mar. 21, 2005 | PAPER RECEIVED |
| Mar. 15, 2005 | NON-FINAL ACTION MAILED |
| Mar. 14, 2005 | NON-FINAL ACTION WRITTEN |
| Mar. 06, 2005 | ASSIGNED TO EXAMINER |
| Aug. 11, 2004 | NEW APPLICATION ENTERED |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | | |
|---|---|---|---|
| Current Location: | GENERIC WEB UPDATE | Date in Location: | Apr. 30, 2015 |

## Assignment Abstract Of Title Information

**Summary**

| | | | |
|---|---|---|---|
| Total Assignments:  1 | | Registrant:  Smith Abrasives, Inc. | |

### Assignment 1 of 1

| | |
|---|---|
| Conveyance: | CHANGE OF NAME |
| Reel/Frame: | 4808/0704 | Pages:  4 |
| Date Recorded: | Jun. 26, 2012 |

**Supporting Documents:** assignment-tm-4808-0704.pdf

**Assignor**

**Name:** SMITH ABRASIVES, INC.

**Execution Date:** Jun. 19, 2012

**Legal Entity Type:** CORPORATION

**State or Country Where Organized:** DELAWARE

**Assignee**

**Name:** SMITH'S CONSUMER PRODUCTS, INC.

**Legal Entity Type:** CORPORATION

**State or Country Where Organized:** DELAWARE

**Address:** 747 MID-AMERICA BOULEVARD
HOT SPRINGS, ARKANSAS 71913

**Correspondent**

**Correspondent Name:** KATHRYN BENNETT PERKINS

**Correspondent Address:** 120 EAST FOURTH ST.
LITTLE ROCK, AR 72201

**Domestic Representative - Not Found**

**Generated on:** This page was generated by TSDR on 2023-12-18 11:47:30 EST

**Mark:** SMITH'S SINCE 1886

| | | | |
|---|---|---|---|
| **US Serial Number:** | 86599941 | **Application Filing Date:** | Apr. 16, 2015 |
| **US Registration Number:** | 4866055 | **Registration Date:** | Dec. 08, 2015 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |
| **TM5 Common Status Descriptor:** | | LIVE/REGISTRATION/Issued and Active | |

The trademark application has been registered with the Office.

**Status:** A Sections 8 and 15 combined declaration has been accepted and acknowledged.

**Status Date:** Mar. 17, 2021

**Publication Date:** Sep. 22, 2015

## Mark Information

**Mark Literal Elements:** SMITH'S SINCE 1886

**Standard Character Claim:** No

**Mark Drawing Type:** 3 - AN ILLUSTRATION DRAWING WHICH INCLUDES WORD(S)/ LETTER(S) /NUMBER(S)

**Description of Mark:** The mark consists of the word "SMITH'S" in large upper and lower case letters, with a solid line underneath, and "SINCE 1886" in large and small capitals underneath the line.

**Color(s) Claimed:** Color is not claimed as a feature of the mark.

**Disclaimer:** "SINCE 1886"

**Design Search Code(s):** 26.17.13 - Letters or words underlined and/or overlined by one or more strokes or lines; Overlined words or letters; Underlined words or letters

## Related Properties Information

**Claimed Ownership of US Registrations:** 3025726, 3649903

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Electric knife sharpeners; Electric scissor sharpeners; Power-operated sharpeners

**International Class(es):** 007 - Primary Class   **U.S Class(es):** 013, 019, 021, 023, 031, 034, 035

Class Status: ACTIVE

Basis: 1(a)

First Use: Jul. 01, 2006    Use in Commerce: Jul. 01, 2006

# Basis Information (Case Level)

Filed Use: Yes    Currently Use: Yes

Filed ITU: No    Currently ITU: No

Filed 44D: No    Currently 44E: No

Filed 44E: No    Currently 66A: No

Filed 66A: No    Currently No Basis: No

Filed No Basis: No

# Current Owner(s) Information

Owner Name: Smith's Consumer Products, Inc.

Owner Address: c/o Rose Law Firm 5100 W JB Hunt Dr #900
Rogers, ARKANSAS UNITED STATES 72758

Legal Entity Type: CORPORATION    State or Country   DELAWARE
Where Organized:

# Attorney/Correspondence Information

### Attorney of Record

Attorney Name: Adam Hopkins

Attorney Primary   trademarks@roselawfirm.com    Attorney Email   Yes
Email Address:    Authorized:

### Correspondent

Correspondent   Adam Hopkins
Name/Address:   Rose Law Firm
5100 W JB Hunt Dr #900
Rogers, ARKANSAS UNITED STATES 72758

Phone: 479-301-2444

Correspondent e-   ahopkins@roselawfirm.com trademarks@roselawf    Correspondent e-   Yes
mail:   irm.com kkotoucek@roselawfirm.com    mail Authorized:

### Domestic Representative - Not Found

# Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Apr. 06, 2023 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Apr. 06, 2023 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Apr. 06, 2023 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Apr. 06, 2023 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Apr. 06, 2023 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Mar. 17, 2021 | NOTICE OF ACCEPTANCE OF SEC. 8 & 15 - E-MAILED | |
| Mar. 17, 2021 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | |
| Mar. 17, 2021 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | |
| Dec. 08, 2020 | TEAS SECTION 8 & 15 RECEIVED | |
| Dec. 08, 2020 | COURTESY REMINDER - SEC. 8 (6-YR) E-MAILED | |
| Jul. 07, 2020 | APPLICANT/CORRESPONDENCE CHANGES (NON-RESPONSIVE) ENTERED | |
| Jul. 07, 2020 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Jul. 07, 2020 | TEAS WITHDRAWAL OF ATTORNEY RECEIVED-FIRM RETAINS | |
| Jul. 07, 2020 | ATTORNEY/DOM.REP.REVOKED AND/OR APPOINTED | |
| Jul. 07, 2020 | TEAS REVOKE/APP/CHANGE ADDR OF ATTY/DOM REP RECEIVED | |
| Jul. 07, 2020 | TEAS CHANGE OF OWNER ADDRESS RECEIVED | |
| Jun. 26, 2019 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |

| | |
|---|---|
| Jun. 25, 2019 | TEAS CHANGE OF CORRESPONDENCE RECEIVED |
| May 30, 2019 | REVIEW OF CORRESPONDENCE COMPLETE - POWER OF ATTORNEY ENTERED |
| May 30, 2019 | TEAS WITHDRAWAL OF ATTORNEY RECEIVED-FIRM RETAINS |
| Dec. 08, 2015 | REGISTERED-PRINCIPAL REGISTER |
| Sep. 22, 2015 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED |
| Sep. 22, 2015 | PUBLISHED FOR OPPOSITION |
| Sep. 02, 2015 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED |
| Aug. 19, 2015 | LAW OFFICE PUBLICATION REVIEW COMPLETED |
| Aug. 17, 2015 | ASSIGNED TO LIE |
| Aug. 03, 2015 | APPROVED FOR PUB - PRINCIPAL REGISTER |
| Aug. 03, 2015 | EXAMINER'S AMENDMENT ENTERED |
| Aug. 03, 2015 | NOTIFICATION OF EXAMINERS AMENDMENT E-MAILED |
| Aug. 03, 2015 | EXAMINERS AMENDMENT E-MAILED |
| Aug. 03, 2015 | EXAMINERS AMENDMENT -WRITTEN |
| Jul. 30, 2015 | ASSIGNED TO EXAMINER |
| Jul. 24, 2015 | ASSIGNED TO EXAMINER |
| Apr. 25, 2015 | NOTICE OF DESIGN SEARCH CODE E-MAILED |
| Apr. 24, 2015 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Apr. 20, 2015 | NEW APPLICATION ENTERED |

# TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** TMEG LAW OFFICE 102          **Date in Location:** Mar. 17, 2021